F. H. GOTTWALS, APPELLANT, *v.* FRED MANSKE, RECEIVER, J. C. MANIX AND J. R. LEWIS, RESPONDENTS.

No. 3301

February 28, 1940.                     99 P. (2d) 645.

## OPINION

By the Court, HAWKINS, District Judge:

This case is now before the court on appeal, by plaintiff, from an order of the trial court, dated December 15,

1939, dismissing contempt proceedings against respondents, and purging them of the charge of contempt of court, preferred against them by the said plaintiff.

■ Respondents have suggested the court is without jurisdiction to entertain this appeal for the reason the contempt, if any, charged against them was criminal contempt and this court has no appellate jurisdiction in matters of criminal contempt. It was held in the case of Phillips v. Welch, 11 Nev. 187, to be the duty of this court, whenever a doubt is suggested concerning its authority to decide a cause to determine such doubt; although no formal motion to dismiss on that ground is made; since every court is bound to know the limits of its jurisdiction and must keep within them.

The affidavit for contempt alleged among other things:

"That on June 4th, 1938, the court appointed Fred Manske receiver in the action, who thereupon qualified as such and since his qualification has been and now is receiver: that the action is still pending in this court; which said court, on June 8th, 1938, made an order, directing the receiver until the further order of the court, if he had sufficient funds in his hands so to do, to pay unto plaintiff, the affiant, for his support pending the litigation, the sum of $50.00 per month, beginning June 15th, 1938; which order has never been revoked, or modified and is in full force and effect, and the receiver has at all times had sufficient funds to make the payments so ordered.

"That on April 14th, 1939, one J. C. Manix, J. R. Lewis, his attorney, and the receiver, although having actual knowledge of the order of June 8th, 1938, the premise on which it was based and the purpose thereof, entered into an agreement and conspiracy to resist and disobey said order and deprive affiant of his means of sustenance by taking from said receiver certain of the payments to be made by him unto the affiant, pursuant to said order, and in the furtherance of such plan the

said Manix, upon advice of Lewis, as his attorney, commenced an action in the Justice Court of Nelson Township, Clark County, Nevada, against affiant, on said April 14th, 1939, and on the same day a writ of attachment was issued out of said court, which was forthwith served by the constable on the said receiver, together with written notice said moneys were attached: that said receiver thereupon refused to pay unto affiant the $50.00, due on April 15th, 1939, basing such refusal solely on the ground of said attachment; although this affiant, on April 18th, 1939, served on said receiver written notice such attachment was illegal and demanded such money. That thereafter, and on the following day a similar notice and demand were served on said Manix, and Lewis, who likewise refused to release said attachment.

"That on April 25th, 1939, judgment was entered in said justice court in favor of Manix, against affiant, for the sum of $103.92, including attorney's fee and costs, upon which the justice, at request of Manix and Lewis, issued a writ of execution on May 3rd, 1939, which on the same day was served on the receiver, who paid unto the constable the sum of $50.00, withheld from affiant since April 15th, 1939, who turned it over to Manix to apply on his judgment; that said Manix so credited it on said judgment and has retained the possession thereof.

"That thereafter, and on May 16th, 1939, the constable made a second levy of said execution on the receiver, who thereupon paid him the sum of $50.00, which had been withheld from affiant since May 15th, 1939, which amount was turned over to Manix, who applied it on said judgment, and has kept the same: that on Sept. 15th, 1939, an alias execution was issued on said judgment and served by the constable on said receiver who thereupon paid over the balance of $14.27, due on said judgment, which was applied in full satisfaction of said judgment, as the other payments, and is held by the said Manix.

"That all of said acts of levying said attachment and writs of execution on said receiver, and his paying over said sums of moneys, the application of the same to the satisfaction of the justice court judgment, and disobedience of the order of June 8th, 1938, were done pursuant to said agreement and conspiracy, and without the knowledge or consent of this court, and against the will of affiant, and neither said receiver, Manix or Lewis, has ever offered to repay unto this affiant any part of said sums, amounting to $114.27, which said receiver paid the said constable as and in satisfaction of said judgment, or any part thereof, and the whole thereof is due under said order of June 8th, 1938; although the receiver has paid unto affiant all other sums pursuant to said order."

The prayer of the affidavit is that said Manix, or said receiver, be required by the court to pay the affiant said sum of $114.27; and the respondents be required to show cause why they should not be punished for their contempt in disobeying and resisting said order, and interfering with moneys in the hands of the court.

It is stated in the decision appealed from that a show cause order was signed by the court requiring the said Fred Manske, Receiver, J. C. Manix, and J. R. Lewis to show cause why they should not be punished for contempt for their alleged disobedience of the order, made June 8, 1938, and for their interference with moneys in the possession of the receiver; that a hearing was had on December 14, 1939, at which plaintiff introduced in evidence his affidavit upon which the show cause order was based and rested, whereupon counsel for contemners moved for a dismissal of the proceeding; that the motion to dismiss and the sufficiency of the affidavit were argued and submitted to the court; which rendered its decision, on December 15, 1939.

In that decision the trial court ordered: "that the affidavit of the plaintiff, upon which the Show Cause Order was issued, and which was offered in evidence by the plaintiff upon the hearing, does not allege matters

which constitute a contempt of court, and that, the regularity of the steps taken on levies of execution being conceded, the said parties are deemed to be purged of the charge of contempt so preferred against them by the plaintiff in this action."

Section 8941 N. C. L. defines the acts or omissions deemed contempts of court, among which are: "Disobedience or resistance to any lawful writ, order, rule, or process issued by the court or judge at chambers."

Mr. Justice SWEENEY, speaking for the court in the case of Ex parte Hedden, 29 Nev. 352, 373, 90 P. 737, 13 Ann. Cas. 1173, said that numerous cases may be found holding contempt of court to be a specific criminal offense, and the judgment therein to be a judgment in a criminal case, while other cases indicate contempt proceedings to be civil, not criminal, and while the apparent conflict of views cannot in all cases be reconciled, much of the inconsistency disappears if contempts be regarded as civil or criminal according to their nature and effect. Among the cases he cited to sustain his conclusions is the case of Phillips v. Welch, 11 Nev. 187, which held the distinction between civil and criminal contempt to be that: "If the contempt consists in the refusal of a party to do something which he is ordered to do for the benefit or advantage of the opposite party, the process is civil and he stands committed till he complies with the order. The order in such case is not punitive, but coercive. If, on the other hand, the contempt consists in the doing of a forbidden act, injurious to the opposite party, the process is criminal and conviction is followed by a penalty of fine or imprisonment, or both, which is purely punitive."

Hagerman v. Tong Lee, 12 Nev. 331, was before the court on appeal from an order directing garnishee defendants to pay over unto the sheriff a specified sum of money within two days, or stand committed to jail until said sum was paid, and in passing on the appeal the court held: "The order of the court adjudging appellants to be in contempt upon failure to pay over the

money, is in the nature of a civil process, and is, under the principles decided in Phillips v. Welch, 11 Nev. [187] 190, an appealable order."

Other authorities holding to the same effect are Snow v. Snow, 13 Utah 15, 43 P. 620; Jastram v. McAuslan, 29 R. I. 390, 71 A. 454, 17 Ann. Cas. 320; In re Graves, D. C., 29 F. 60; In re Nevitt, 8 Cir., 117 F. 448; and Bessette v. W. B. Conky Co., 194 U. S. 324, 325, 24 S. Ct. 665, 48 L. Ed. 997.

■ It is apparent from the foregoing cases the proceeding before the lower court was civil, not criminal, and this court has jurisdiction to determine the appeal now before it.

The remaining question to be determined is whether the facts alleged in the affidavit for contempt constitute a contempt of court; if they do, the order of the lower court should be reversed, if not, the ruling should be affirmed.

■ A receiver appointed by a court of equity holds possession of the property as an officer of the court, the property is in custodia legis, and, without leave of court, is not subject to levy, nor is the receiver liable to action in regard thereto. 28 C. J., Garnishment, page 71, section 86. To the same effect see 53 C. J., Receivers, page 331, section 545.

■■ The court appointing a receiver has power, and it is its duty, to protect from interference the property in its possession through its receiver. It never tolerates such interference without its leave, whether it is done by the consent or submission of the receiver or by compulsory process against him, even for the purpose of carrying out private contracts or trusts; and the fact, if it be a fact, that the receiver's appointment was erroneous is immaterial. The court has power by summary process to compel a person to make restoration of property wrongfully taken from the receiver's possession, or, in default thereof, make good the pecuniary value. Such rule applies regardless of whether the

person so interfering was a party to the suit or not. 53 C. J., Receivers, page 111, section 134.

■ If the court has jurisdiction of the parties and subject matter of the action in which the receiver is appointed, any interference with the receiver's possession after notice of the character in which such possession is held, either by taking forcible possession of the property committed to his charge or by legal proceeding for that purpose, without the sanction of the court appointing him, is a contempt of court. Id., page 113, section 138.

■ An attorney on whose advice the receiver's possession of the property in custody of the law is in any way disturbed is guilty of contempt equally with his client. Kneisel v. Ursus Motor Co., 316 Ill. 336, 147 N. E. 243, 39 A. L. R. 1, and cases cited in the extensive note beginning on page 6.

There are many cases cited in the foregoing note holding the possession of the receiver is that of the court and any attempt to disturb such possession, without leave of the court first obtained, constitutes contempt of court; among such cases are several where the interference was pursuant to writs of execution or attachment, one being the case of Cramer v. Iler, 63 Kan. 579, 66 P. 617, 618, wherein it was held when a receiver has been appointed and takes charge of the property he "merely holds the property intact until the relative rights of parties can be. determined; and that when the property rightfully passes into the custody of the law it is not subject to execution or interference without permission of the court, and any attempt to seize or sell it by a third party without permission would be a contempt of the court having it in custody."

That property in custodia legis is not subject to be interfered with without consent of the court, having such custody, has been often held the rule in Nevada, see Irvin National Bank v. Second Judicial District Court, 47 Nev. 86, 217 P. 962; Reinhart Co. v. Oklahoma

Gold Mining Co., 48 Nev. 32, 37, 226 P. 902, 233 P. 842; where the possession was that of a receiver, and In re Howard's Estate, 48 Nev. 100, 227 P. 1016, 232 P. 783, where the possession was held by an administrator.

The reason for the rule, which in the absence of statutes authorizing attachment or garnishment of such property, while in the hands of the court, is a general one, is that the person holding such property is acting merely for the court, and to require him to respond in garnishment or attachment would interrupt the orderly progress of judicial proceedings, invade the jurisdiction of the court, and be against public policy.

There are some decisions holding, as exception to the foregoing rule, that after a final judgment has been rendered in a case, directing the distribution of the funds in the hands of the court, and nothing remains for the person holding such funds to do but distribute them as directed in said judgment, they may be levied upon by a creditor of the party to whom such fund was ordered distributed. Such was the ruling in the case of Dunsmoor v. Furstenfeldt, 88 Cal. 522, 26 P. 518, 12 L. R. A. 508, 22 Am. St. Rep. 331, cited in the decision of the lower court as authority for its order dismissing the contempt proceedings.

Although that case has been cited with approval in later cases in California, and followed in certain other states, there are decisions from other courts holding that even after final judgment, funds still in the hands of the court may not be levied upon, without first having obtained the consent so to do from the court having such custody. Among such cases are Dale v. Brumbly, 98 Md. 468, 56 A. 807, 64 L. R. A. 112; In re Chakos, D. C., 36 F. (2d) 776; and Bankers' Mortg. Co. v. McComb, 10 Cir., 60 F. (2d) 218; the reason for their refusal to follow along with the conclusion reached in the California cases being that the question of whether the purposes of the law's custody have been fully accomplished should be determined by the court whose officer has

custody of the property, and garnishment should not be permitted without the consent of that court.

Since the facts set forth in the affidavit, on which the contempt proceedings were based, do not bring this case within the exception to the general rule, as defined and set out in Dunsmoor v. Furstenfeldt, supra, it is not necessary to determine whether the rule laid down in that case, or one followed in the Dale-Brumbly case, is based on the sounder reasoning.

■ We are of the opinion that the affidavit for contempt state facts constituting contempt of the court; therefore, the judgment and order appealed from are set aside, and the proceedings remanded to the lower court, with directions it hear and dispose of the contempt charges made against respondents in the manner provided by law, and in conformity with this opinion.

ON PETITION FOR REHEARING

April 1, 1940.                    100 (P.(2d) 580.

## OPINION

By the Court, HAWKINS, District Judge:

Respondent Fred Manske has petitioned for a rehearing for the reason he asserts the court did not pass upon

the point raised by him that even if the proceeding in the lower court was civil in its nature this court had no jurisdiction to entertain the appeal because of the amount involved before the lower court; which was the sum of $114.27.

■ Respondent raised such objection to the jurisdiction of this court to determine the appeal, the court considered such objection, examined the authorities cited in support thereof, and in determining it had jurisdiction necessarily decided there was no merit in such objection. We are of that opinion now.

■ In his petition for a rehearing respondent Manske also asks the court to indicate whether, should this matter come before this court on another appeal, the rule laid down in the case of Dunsmoor v. Furstenfeldt, 88 Cal. 522, 26 P. 518, 12 L. R. A. 508, 22 Am. St. Rep. 331, that the facts in that case constitute an exception to the general rule that funds in the hands of the court may not be levied upon without the consent of the court in whose custody they are, will be followed, or the court will adopt and follow the contrary rule laid down in Bankers Mortgage Company v. McComb, 10 Cir., 60 F. (2d) 218.

In our opinion we said it was not necessary to determine which was the sounder rule because: "the facts set forth in the affidavit, on which the contempt proceedings were based, do not bring this case within the exception to the general rule, as defined and set out in Dunsmoor v. Furstenfeldt, supra" [99 P. (2d) 645, 649], and we now hold the same opinion. It is therefore neither necessary nor proper to comply with the respondent's request.

The petition for rehearing is denied.

NOTE—ORR, J., being disqualified, the Governor designated HON. L. O. HAWKINS, Judge of the Sixth Judicial District, to sit in his stead.