H. M. POIRIER, DOING BUSINESS AS PIONEER DEN-
TAL LABORATORY, APPELLANT, *v.* BOARD OF
DENTAL EXAMINERS OF NEVADA, CON-
SISTING OF ROSS WHITEHEAD, MORRIS GALLAGHER,
HOWARD WOODBURN, VINCENT SANNER, STEPHEN
COMISH, A. A. COZZALIO, AND DAVID W. MELARKEY,
RESPONDENTS.

No. 4872

July 12, 1965                    404 P.2d 1

*Bradley & Drendel,* of Reno, for Appellant.

*Goldwater, Taber and Hill,* and *Cooke & Roberts,* of
Reno, for Respondents.

## OPINION

By the Court, ZENOFF, D. J.:

In Poirier v. Board of Dental Examiners, 78 Nev. 232, 370 P.2d 960, this court upheld the validity of a permanent injunction enjoining H. M. Poirier from advertising that he can or will perform certain acts which constituted the practice of dentistry. After a hearing duly noticed, the district court found Poirier guilty of contempt for violations of the injunction, which were committed after the determination by this court. He was sentenced to serve five days in the Washoe County jail and fined $500.00.

Poirier appealed from the contempt order and the passage of sentence. For the purpose of this decision it is only important now to know that the contempt involved was conceded to be a criminal, rather than a civil, contempt.

Respondents moved to dismiss the appeal on the ground that this court lacks jurisdiction of a direct appeal of an adjudication of criminal contempt. They cite as authority Phillips v. Welch, 11 Nev. 187, an 1876 case which held that the Supreme Court of Nevada had no appellate jurisdiction in cases of contempt where the proceeding was purely criminal.

At the time of the Welch opinion, Art. 6, § 4, Nevada Const., and the corresponding statute, provided that the Supreme Court "* * * shall have appellate jurisdiction * * * in all criminal cases in which the offense charged amounts to a felony. * * *" Criminal contempt, then and now, by statute is a misdemeanor.

In 1920, the quoted portion was amended to read that the Supreme Court shall have jurisdiction on questions of law alone "* * * in all criminal cases in which the offense charged is within the original jurisdiction of the district courts. * * *"

It is discovered, however, that for the period of 1920 to 1957 the statutes relating to the jurisdiction of the Supreme Court were not amended to correspond to this constitutional alteration.

Thus, the later Nevada cases of Gottwals v. Manske, 60 Nev. 76, 99 P.2d 645, 100 P.2d 580, and State of Nevada ex rel. Smith v. Sixth Judicial Dist. Court, 63 Nev. 249, 167 P.2d 648, cite Phillips v. Welch for the proposition that this court lacks appellate jurisdiction in cases involving a criminal contempt because such jurisdiction is limited to cases involving felonies. It is to be noted, however, that while each of these cases sets forth this rule, such holding was unrelated to the problem therein presented and to the decision in each of the cases. The same is true of State v. Butner, 66 Nev. 127, 206 P.2d 253, wherein the rule set forth in Phillips v. Welch is affirmed, although the Phillips case is not mentioned. The holding in the Butner case is cited to substantiate the rule that this court's appellate jurisdiction is limited to questions of law alone. Clearly such holding has no relation to the problem presently before the court. An examination of the original records on appeal of the above cited cases discloses that only in the Smith case was there an acknowledgment of the present wording of Art. 6, § 4, Nevada Const., but the reference there concerned only whether the contempt was civil or criminal.

In 1957, our legislature enacted the Nevada Revised Statutes and included NRS 2.080 which adopted the language of Art. 6, § 4, Nevada Const.[1]

All of the many authorities (12 A.L.R.2d 1059) refer the questions of jurisdiction of an appellate court to the statutes and constitution of each state. Considering our own constitution and statutes, then, and the history heretofore recited, it appears clear that an enlargement of the criminal jurisdiction of the Nevada Supreme

---

[1] The revisor's note recites that the words "amounts to a felony" have been replaced with "is within the original jurisdiction of the district courts" and adds that "the original wording of the section as enacted in 1865 followed the language then found in Nev. Art. 6, § 4. However, this section of the constitution was amended in 1920 but the 1865 statute was not amended."

Court was intended by the 1920 change. Otherwise, there would have been no need for the change since the entirety of Art. 6, Nevada Const., is encompassing and adequate in all other respects.

We expressly disavow contrary dictum in Gottwals v. Manske, supra, Smith v. Sixth Judicial Dist. Court, supra, and State v. Butner, supra. The trial court unquestionably has the right to punish for disobedience to its lawful mandate. (NRS 199.340(4).) Although application of NRS 199.340(4) constitutes a misdemeanor, we hold that the criminal offense charged, i.e., contempt, was within the original jurisdiction of the district court and that appeal therefrom is not confined to criminal matters that constitute a felony.

Motion to dismiss appeal is denied.

BADT, J., and WINES, D. J., concur.