*647
 
 OPINION
 

 Per Curiam:
 

 This appeal concerns the issue of the appropriate form of review of an order of contempt—a direct appeal or an original petition for relief pursuant to NRS Chapter 34. We take this opportunity to clarify a troublesome area of this court’s jurisdictional case law. We conclude that, as no rule or statute authorizes an appeal from a contempt order, this court does not have jurisdiction over an appeal from such an order. Accordingly, the proper mode of review is by an original writ petition.
 

 This appeal arises in a construction defect case. A settlement conference was held before the district court, and a settlement was entered on the record. Thereafter, a settlement agreement was executed. Subsequently, the parties disputed the terms of the settlement, and plaintiffs/respondents (“Rancho Sante Fe”) filed a motion for an order to show cause, seeking to enforce the terms of the settlement. According to Rancho Sante Fe, the defendants, their counsel (appellants James Pengilly and Lorber, Beddoe & Pengilly) and defendants’ insurers were not abiding by the settlement’s terms. At a hearing held on Rancho Santa Fe’s motion, the district court determined that counsel and the insurers had breached the settlement agreement and imposed sanctions of over $100,000. The written order entered after the hearing included a finding of contempt against counsel and the insurers. Counsel then appealed.
 

 It appeared that, in the past, this court had reviewed contempt orders by both writ petition and direct appeal, but had not engaged in any meaningful analysis or discussion of which mode of review was proper. Therefore, in this case, this court entered an order to show cause, directing appellants to file points and authorities on the issue of whether a finding of contempt was properly challenged by direct appeal or writ petition.
 

 Appellants filed a response, in which they argue that based on this court’s decisions in Guerin v. Guerin, 114 Nev. 127, 953 P.2d 716 (1998), and Awad v. Wright, 106 Nev. 407, 794 P.2d 713 (1990), this court has jurisdiction over the appeal. Nevertheless, they ask that this court dismiss the appeal and instead consider the matter in the context of a writ petition they previously filed, on the condition that they may supplement their petition to provide authority on the specific issue of contempt.
 
 [1]
 

 
 *648
 
 At common law, there was no right of review of a contempt order.
 
 See
 
 Van Baalen v. Superior Court, County of Maricopa, 508 P.2d 771 (Ariz. Ct. App. 1973) (interpreting statute providing that contempt was to be punished in conformity with common law to preclude appeal). This rule has been changed in most jurisdictions by statute or constitutional provision.
 
 See generally
 
 17 C.J.S.,
 
 Contempt
 
 § 128 (1999). In some jurisdictions, a right of review has been found to exist under the general supervisory power of a high court over lower courts.
 
 See, e.g.,
 
 State v. District Court, 278 P. 122 (Mont. 1929). Many jurisdictions differentiate between an order of criminal contempt and an order of civil contempt in determining whether a particular order may be appealable.
 
 See, e.g.,
 
 State ex rel. Kandt v. North Platte Baptist Church, 365 N.W.2d 813 (Neb. 1985).
 

 The particular mode of review, whether by writ petition or appeal, varies widely. For example, in Louisiana, a contempt order is reviewable only by the supreme court upon application to its general supervisory jurisdiction; there is no right of appeal, and the intermediate appellate court has no jurisdiction.
 
 See
 
 Moity v. Mahfouz, 137 So. 2d 513 (La. Ct. App. 1961). Texas does not permit appeals from contempt orders.
 
 See
 
 Lamka v. Townes, 465 S.W.2d 386 (Tex. Civ. App. 1971). California’s intermediate appellate courts review contempt proceedings on a petition for certiorari.
 
 See
 
 Nierenberg v. Superior Court, 130 Cal. Rptr. 847 (Ct. App. 1976). New Jersey and Indiana permit appeals from contempt orders.
 
 See
 
 State v. Roberts, 515 A.2d 799 (N.J. Super. Ct. App. Div. 1986); Jacobsen v. State, 384 N.E.2d 1041 (Ind. Ct. App. 1979).
 

 In the past, this court has considered both appeals from contempt orders and writ petitions challenging contempt orders, without explicitly considering which form of review was proper.
 
 Compare Guerin,
 
 114 Nev. 127, 953 P.2d 716,
 
 and Awad,
 
 106 Nev. 407, 794 P.2d 713 (considering appeals from contempt orders)
 
 with
 
 Cunningham v. District Court, 102 Nev. 551, 729 P.2d 1328 (1986),
 
 and
 
 McCormick v. District Court, 67 Nev. 318, 218 P.2d 939 (1950) (considering petitions for extraordinary relief from contempt orders).
 

 It appears that the only case in which this court explicitly considered the jurisdictional basis for an appeal from a contempt order is Poirier v. Board of Dental Examiners, 81 Nev. 384, 404 P.2d 1 (1965). In
 
 Poirier,
 
 the appellant was held in contempt for violating an injunction prohibiting him from advertising that he
 
 *649
 
 could or would perform acts which constituted the practice of dentistry.
 
 Id.
 
 at 385, 404 P.2d at 1. The appellant filed an appeal, and the respondents moved to dismiss the appeal for láck of jurisdiction.
 
 Id.
 
 at 385, 404 P.2d at 2. The
 
 Poirier
 
 court denied the motion, reasoning that a criminal contempt order was appealable as a conviction for a crime over which the district court had original jurisdiction.
 
 Id.
 
 at 387, 404 P.2d at 2.
 

 We conclude that the reasoning in
 
 Poirier
 
 is flawed when the contempt proceeding is ancillary to an underlying case. This court has appellate jurisdiction “in all civil cases arising in district courts, and also on questions of law alone in all criminal
 
 cases
 
 in which the
 
 offense charged
 
 is within the original jurisdiction of the district courts.” Nev. Const. art. 6, § 4 (emphasis added). When the contempt proceeding is ancillary, then it is not a criminal “case” in which an “offense” was “charged.” Rather, the proceeding is brought pursuant to NRS Chapter 22, under the caption and case number of the underlying action. Thus
 
 Poirier
 
 incorrectly suggested that jurisdiction was proper with respect to all criminal contempt orders.
 

 “Jurisdictional rules go to the very power of this court to act.” Rust v. Clark Cty. School District, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987);
 
 accord
 
 Phillips v. Welch, 11 Nev. 187, 188 (1876) (“Every court is bound to know the limits of its own jurisdiction, and to keep within them.”). This court has consistently explained that unless permitted by rule or statute, no appeal may be taken.
 
 See
 
 Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975).
 

 No rule or statute authorizes an appeal from an order of contempt.
 
 See
 
 NRAP 3A(b) (listing orders which may be appealed); NRS Chapter 22 (concerning grounds and procedure for imposing contempt sanctions). We therefore conclude that this court does not have jurisdiction over an appeal from a contempt order where no rule or statute provides for such an appeal. Rather, contempt orders must be challenged by an original petition pursuant to NRS Chapter 34.
 
 [2]
 

 Writ petitions are also more suitable vehicles for review of contempt orders. Particularly where the purpose of the contempt
 
 *650
 
 order is to coerce compliance with the district court’s orders, it appears preferable for the district court to be able to modify its orders to meet changing circumstances. A writ petition permits the district court this flexibility because the court retains jurisdiction over the order during the pendency of the writ petition. In contrast, the district court would be divested of jurisdiction to modify or vacate the contempt order once a notice of appeal had been filed.
 
 See Rust,
 
 103 Nev. at 688, 747 P.2d at 1382.
 

 Additionally, the standard of review in a writ petition is appropriate to the review of a contempt order. Whether a person is guilty of contempt is generally within the particular knowledge of the district court, and the district court’s order should not lightly be overturned. A writ of mandamus is available to control a manifest abuse of discretion—for example, when the order purportedly violated does not clearly prohibit the conduct engaged in by the contemnor.
 
 See Cunningham,
 
 102 Nev. at 559-60, 729 P.2d at 1333-34. A writ of prohibition is available where the district court clearly exceeded its jurisdiction—for example, when a finding of indirect contempt is not based upon a proper affidavit.
 
 See Awad,
 
 106 Nev. at 409, 794 P.2d at 714. These standards provide a fitting level of deference for the review of contempt orders.
 

 As this court lacks jurisdiction over this appeal, the appeal is dismissed.
 
 [3]
 

 [1]
 

 We note that if appellate jurisdiction were proper, then writ relief would be inappropriate.
 
 See Guerin,
 
 114 Nev. at 131, 953 P.2d at 719 (noting that
 
 *648
 
 an appeal is an adequate legal remedy); NRS 34.020 (providing that a writ of certiorari may issue only if there is no appeal or other adequate remedy); NRS 34.170 (stating that a writ of mandamus may only issue if there is no other adequate and speedy remedy).
 

 [2]
 

 To the extent
 
 Poirier
 
 is inconsistent with this opinion, it is overruled. Further, we note that although appellants in this case were not parties to the proceedings below, our analysis applies equally to cases in which parties are sanctioned for contempt. Whether die contempt sanction is imposed on a non-party or a party, the proper way to challenge it is through a writ petition.
 

 [3]
 

 We note that appellants have already filed a petition for extraordinary relief, and the merits of their challenge to the contempt order will be addressed in that proceeding.
 

 The Honorable Cliff Young, Justice, voluntarily recused himself from participation in the decision of this appeal.