An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGELA SWINDELLS,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
EGAN K. WALKER, DISTRICT JUDGE,
Respondents,
and
MICHAEL SWINDELLS,
Real Party in Interest.

No. 65322

**FILED**

APR 1 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION
FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order to show cause why petitioner should not be held in contempt.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of

14-12401

demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and supporting documents, we conclude that our intervention by extraordinary writ relief is not warranted at this time. *See Smith*, 107 Nev. at 677, 818 P.2d at 851. While a contempt order may be challenged through a writ petition, *see Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000), the district court has merely ordered petitioner to show cause why she should not be held in contempt and has yet to enter an order holding petitioner in contempt. Thus, petitioner's challenge to the contempt proceedings is premature. Accordingly, we deny the petition without prejudice to petitioner's right to file a new writ petition if a contempt order is entered. *See Smith*, 107 Nev. at 677, 818 P.2d at 851; *see also* NRAP 21(b)(1).

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Egan K. Walker, District Judge, Family Division
O'Mara Law Firm, P.C.
Diana A. Zuccarini
Washoe District Court Clerk