An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD P. SCHULZE,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
EGAN K. WALKER, DISTRICT JUDGE,
Respondents,
and
THE PERSON AND ESTATE OF
JAMES PREECE, AN ADULT WARD,
Real Party in Interest.

No. 64504

**FILED**

OCT 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION*
*FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order that found petitioner in contempt and imposed sanctions in an action concerning a guardianship and a special needs trust.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). While an appeal is typically

14-34157

an adequate legal remedy precluding writ relief, *see Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 223-24, 88 P.3d 840, 840-41 (2004), because "[n]o rule or statute authorizes an appeal from an order of contempt . . .[,] contempt orders must be challenged by an original petition pursuant to NRS Chapter 34." *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (citations omitted).

Petitioner is a licensed Nevada attorney who represented the guardian of real party in interest, James Preece, in a guardianship action and also served as the trustee of the special needs trust created to benefit Preece. In a December 29, 2006, order the district court provided that it would exercise ancillary jurisdiction over the trust. Petitioner was then appointed as the trustee in an order filed on April 24, 2007, which instructed that petitioner and the guardian were to develop a budget for the annual trust expenditures, that the court was to approve the budget within 90 days of the entry of that order, and that petitioner's costs incurred as trustee would be subject to ratification by the court at the annual accounting of trust activities.

Petitioner did not file a budget within 90 days of the entry of the April 2007 order appointing him as trustee, and he did not file any annual trust accountings with the court between 2007 and December 2011. In January 2012, petitioner filed a trustee's report notifying the district court that the guardian had removed Preece in 2010 from the jurisdiction without court approval and that Preece had thereafter been removed from the guardian's care and placed in a residential facility outside of Nevada. According to the report, trust assets were used to assist with the move and to pay for the residential facility resulting in a significant reduction in trust assets.

SUPREME COURT
OF
NEVADA

(O) 1947A

Based on the events that had transpired, the district court orally removed petitioner as trustee of the special needs trust, and in a written order entered in July 2013, held petitioner in contempt of court and imposed sanctions on petitioner for (1) failing to file a budget within 90 days of the 2007 order appointing him as trustee, (2) failing to file annual trust accountings with the court, and (3) aiding and abetting the guardian in removing Preece from the jurisdiction without prior approval of the court. Petitioner filed this petition for extraordinary relief challenging the contempt findings and the imposition of sanctions.

A district court may hold a person in contempt when the person has failed to comply with a lawful order or rule.[1] NRS 22.010(3). To be held in contempt for disobeying a court order, the order must clearly put the person on notice of what is required. *Sw. Gas Corp. v. Flintkote Co.*, 99 Nev. 127, 131, 659 P.2d 861, 864 (1983). This court generally "affords the district court sufficient leeway to exercise its [contempt] power." *See In re Claimants*, 118 Nev. at 907, 59 P.3d at 1229-30.

The documents attached to the writ petition support the district court's conclusion to hold petitioner in contempt and impose

---

[1]Petitioner asserts that the district court erred by holding him in criminal contempt without applying the higher standard of proof for criminal contempt. But because the contempt order is indeterminate and meant to compel petitioner's obedience to an order for the benefit of Preece, we conclude that the district court did not err in applying the civil contempt standard of clear and convincing evidence. *See Warner v. Second Judicial Dist. Court*, 111 Nev. 1379, 1382-83, 906 P.2d 707, 709 (1995) (providing that "civil contempts are those prosecuted to enforce the rights of private parties and to compel obedience to orders or decrees for the benefit of opposing parties"); *see also In re Claimants v. State Eng'r*, 118 Nev. 901, 909, 59 P.3d 1226, 1231 (2002) (explaining that a civil contempt order is "conditional or indeterminate" (internal quotations omitted)).

sanctions on all three accounts.[2] *See id.* First, petitioner failed to file a budget for the court's approval within 90 days of the April 2007 order appointing him as trustee when petitioner was specifically ordered to do so. NRS 22.010(3). Second, petitioner failed to file annual trust accountings with the court, despite the fact that he had adequate notice of his duty to do so. *See* NRS 22.010(3); *Sw. Gas Corp.*, 99 Nev. at 131, 659 P.2d at 864. In particular, the April 2007 order approved the annual trust accounting of the previous trustee, appointed petitioner as the new trustee, and specifically provided that petitioner's costs incurred as trustee would be subject to ratification by the court "at the annual accounting of trust activities." Moreover, in response to the district court's questioning at the December 3, 2012, hearing on the order to show cause, petitioner conceded that he was aware that he was expected as trustee to report annually to the court. Petitioner's billing records also demonstrated that he was working on a "court accounting for the trust" in 2010, but petitioner failed to file any annual trust accounting between 2007 and December 2011. Finally, the record supports the district court's contempt holding regarding petitioner's actions in aiding and abetting the guardian's removal of Preece from Nevada because petitioner had a duty, as legal counsel, not to assist the guardian in any conduct that was fraudulent or unlawful. *See* RPC 1.2(d); NRS 159.2023 (requiring a guardian to seek court approval to permanently remove a ward from the jurisdiction). For these reasons, we conclude that the district court did not arbitrarily or capriciously exercise its discretion in holding petitioner in

---

[2]While petitioner asserts that the district court improperly entered the nunc pro tunc order, the district court took jurisdiction over the trust in the December 29, 2006, order.

contempt and imposing sanctions. NRS 34.160; NRS 34.320; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. Accordingly, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Egan K. Walker, District Judge
Lemons, Grundy & Eisenberg
Solomon Dwiggins & Freer
Brian C. McQuaid
Washoe District Court Clerk