# IN THE SUPREME COURT OF THE STATE OF NEVADA

KIM BLANDINO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
CITY OF LAS VEGAS,
Real Party in Interest.

No. 68761

FILED

JUN 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER DENYING PETITION*

This is a pro se petition for a writ of prohibition and a writ of mandamus. Petitioner Kim Blandino argues that respondent Judge Bare improperly held him in contempt of court and banned him from the courtroom and from a 25-foot space outside the courtroom. Blandino further argues that Judge Bare improperly disqualified himself in Blandino's appeal from a judgment of conviction involving a misdemeanor.

Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see also* NRS 34.160. A writ of prohibition may issue when a district court acts without or in excess of its jurisdiction. *See* NRS 34.320.

16-18915

In *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, this court held that there was no right to appeal from a contempt order, but that review of a contempt order was available in a petition for a writ of mandamus or prohibition.[1]  116 Nev. 646, 649, 5 P.3d 569, 571 (2000). "[A] writ of mandamus is available to control a manifest abuse of discretion—for example, when the order purportedly violated does not clearly prohibit the conduct engaged in by the contemnor." *Id.* at 650, 5 P.3d at 571. Whereas, "[a] writ of prohibition is available where the district court clearly exceeded its jurisdiction—for example, when a finding of indirect contempt is not based upon a proper affidavit." *Id.* at 650, 5 P.3d at 571-72.

Blandino argues that the district court exceeded its jurisdiction in imposing the courtroom and 25-foot bans because one of the incidents used to find him in contempt was not within Judge Bare's immediate view and because Judge Bare did not immediately impose sanctions for the other two incidents.

We conclude that Blandino has not demonstrated that he is entitled to extraordinary relief. The district court's labeling the order as involving contempt and pursuing contempt sanctions pursuant to summary proceedings is problematic for the reasons identified by Blandino. *See* NRS 22.030(2) (providing that if the contemptuous act is not in the immediate view of the district court, "an affidavit must be presented to the court . . . of the facts constituting the contempt"); *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 832

---

[1]We summarily deny the petition for a writ of habeas corpus and petition for a writ of certiorari as the claims raised fall outside the scope of these writs. *See* NRS 34.360; NRS 34.020(3).

(1994) (providing that if the court delays punishing direct contempt (contempt in the court's immediate presence) until the completion of trial, "due process requires that the contemnor's rights to notice and a hearing be respected"). The label of contempt and reliance upon NRS Chapter 22 is likewise awkward in this case because the district court imposed a sanction not available under NRS 22.100(2). Nevertheless, Judge Bare properly acted within his inherent authority in imposing the bans to control the dignity of the courtroom and to prevent an abuse of the judicial process. *See* NRS 1.210(1) (providing that the district court has the power to "preserve and enforce order in its immediate presence)"; NRS 1.210(2) (providing that the district court has the power to "enforce order in the proceedings before it"); *Halverson v. Hardcastle*, 123 Nev. 245, 261-62, 163 P.3d 428, 440 (2007) (providing that a court's inherent authority includes the power "to preserve the integrity of the judicial process"). Further, ordinary due process requirements were not triggered because there was no life, liberty, or property interest involved. *See United States v. Mourad*, 289 F.3d 174, 179 (1st Cir. 2002). Therefore, we conclude that the district court did not exceed its jurisdiction in imposing the bans.

Blandino next argues that Judge Bare acted arbitrarily and capriciously in imposing the bans because he was not disruptive and was only trying to aid the court. An arbitrary or capricious exercise of discretion is "one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal citation and quotation marks omitted). We conclude that Blandino has not demonstrated that he is entitled to extraordinary relief. Blandino has failed to demonstrate that Judge Bare acted with prejudice or preference or that his actions fell outside

established law. The record supports Judge Bare's grave concern that Blandino may have been engaging in the unauthorized practice of law and that this caused a disruption to the orderly processes of the court.

Finally, Blandino argues that Judge Bare exceeded his jurisdiction in disqualifying himself from Blandino's appeal and Judge Bare should be compelled to decide Blandino's appeal. We conclude that Blandino has not demonstrated that he is entitled to extraordinary relief. First, this issue is moot as the appeal has been decided by another judge during the pendency of these proceedings. More importantly, Judge Bare's decision to disqualify himself from future proceedings involving Blandino is not contrary to relevant authority. *See* NCJC Rule 2.11(A) (providing that a judge should disqualify himself "in any proceeding in which the judge's impartiality might reasonably be questioned"). Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[2]Blandino has filed a number of supplements and amendments to the original petition. Some of the claims presented in these supplements and amendments are new and different from those set forth in the original petition and therefore were not addressed in the answer. We decline permission to expand the scope of claims before this court beyond those raised in the original petition, and thus, we decline to consider these claims. We further decline to consider any claims for which Blandino failed to present cogent argument.

cc: Hon. Rob Bare, District Judge
Kim Blandino
Las Vegas City Attorney/Criminal Division
Attorney General/Carson City
Eighth District Court Clerk