# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEE DAVID HUSTEAD,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
CYNTHIA LU, DISTRICT JUDGE,
Respondents,
and
MARJORIE L. HUSTEAD,
Real Party in Interest.

No. 70342

**FILED**

JUL 1 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original pro se petition for a writ of mandamus arising from a post-divorce decree contempt proceeding.

Initially, we note that petitioner has not provided proof that he served the petition on the respondent judge as required by NRAP 21(a)(1). Additionally, having reviewed the petition, we conclude that petitioner has not demonstrated that our intervention by extraordinary writ relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (explaining that it is petitioner's burden to demonstrate that writ relief is warranted). In the writ petition and supplemental pleadings, petitioner first challenges the district court's May 24, 2016, order finding him in contempt for failing to pay $5,000 in alimony arrears and directing him to pay an additional $1,000 per month until the arrears are paid. Having considered petitioner's arguments and reviewed the documentation in support of the petition, we conclude that petitioner has not demonstrated that the district court's order constituted an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)

16-21806

(stating that a writ of mandamus is available to control an arbitrary or capricious exercise of discretion); *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 650, 5 P.3d 569, 571 (2000) (providing that a district court order of contempt should not be lightly overturned). Additionally, while the district court granted real party in interest's request for attorney fees, the order did not award an amount of fees but instead directed real party in interest to file an affidavit of fees, and thus the attorney fees issue was not decided with finality.

Petitioner also challenges a district court "Order Regarding Appeal" entered on May 2, 2016. In that order, the district court states that petitioner filed a notice of appeal from the court's oral ruling on the contempt matter and indicates that the court will resolve any remaining issues once the appeal is concluded and the matter remitted. Petitioner appears to argue that the district court retains jurisdiction to resolve his "Motion to Recover Overpayments Made in Lieu of QDRO" and "Motion to Compel Disclosure and Reduce Alimony" because his notice of appeal was prematurely filed before a written order was entered and because those motions were collateral to the issues on appeal. *See* NRAP 4(a)(6) (stating that a premature notice of appeal does not divest the district court of jurisdiction); *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529-30 (2006) (explaining that when an appeal is perfected, the district court retains jurisdiction over collateral matters that in no way affect the appeal's merits). The records before this court reflect that petitioner's appeal was dismissed as premature. *See Hustead v. Hustead*, Docket No. 70156 (Order Dismissing Appeal, April 27, 2016). Once the district court has the opportunity to resolve the issues raised in petitioner's motions, he may appeal if aggrieved. *See* NRAP 3A(b)(8) (allowing an appeal from a special order entered after a final judgment); *Pan*, 120 Nev. at 224, 88

P.3d at 841 (explaining that an appeal is generally an adequate legal remedy precluding writ relief).

Therefore, we conclude that petitioner has not demonstrated that this court's intervention by extraordinary writ relief is warranted at this time. Accordingly, we decline to intervene in this matter and we deny the petition. *See* NRAP 21(b)(1); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that a petition for extraordinary writ relief is purely discretionary with this court).

It is so ORDERED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. Cynthia Lu, District Judge, Family Court Division
Lee David Hustead
Surratt Law Practice, PC
Washoe District Court Clerk