# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY GUADAGNA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES CROCKETT, DISTRICT
JUDGE,
Respondents,
and
NATIONAL CREDIT ADJUSTERS, LLC,
Real Party in Interest.

No. 81618

FILED

MAR 2 5 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS IN PART AND DENYING IN PART

This is an original petition for a writ of mandamus, or alternatively, prohibition, arising from a district court order holding a nonparty in contempt liable for the opposition's attorney fees.

National Credit Adjusters, LLC (NCA) sued GMA investments, LLC d/b/a Summit Receivables (Summit) for breach of contract. Petitioner, Anthony Guadagna, is the CEO of Summit. Guadagna failed to appear at a deposition, that had been thrice-continued at his request, despite being duly subpoenaed. Guadagna also failed to appear at the subsequent order to show cause hearing and filed no opposition to the order to show cause. The district court held Summit in contempt for failing to comply with the orders adopting the discovery commissioner's report and recommendation on NCA's motion to compel discovery responses and on NCA's request for attorney fees and costs. And the district court held Summit in contempt for

21-08710

its NRCP 30(b)(6) designee, Guadagna's, failure to appear at the deposition. The district court also held Guadagna in contempt under NRS 22.010 and NRCP 37(d)(1) for failure to appear at the deposition. The district court found that all of the attorney fees and costs up to that point stemmed from Guadagna's willful and malicious behavior and held Guadagna and Summit jointly and severally liable for all fees and costs associated with the lawsuit up through the show cause hearing. The district court sanctioned Guadagna for $85,451.66, the cost of NCA's attorney fees dating from the time NCA began sending demand letters. Guadagna now petitions for writ relief, arguing that the district court improperly imposed sanctions for his contempt.[1]

"Whether a person is guilty of contempt is generally within the particular knowledge of the district court, and the district court's order should not lightly be overturned." *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 650, 5 P.3d 569. 571 (2000). Accordingly, this court "normally review[s] an order of contempt for abuse of discretion." *Lewis v. Lewis*, 132 Nev. 453, 456, 373 P.3d 878, 880 (2016).

---

[1]NCA argues this court should not disturb the district court's order because Guadagna's petition violated the doctrine of laches. We decline to apply the doctrine of laches here, where Guadagna filed his petition less than four months after the district court entered judgment ordering sanctions. *See, e.g., Widdis v. Second Judicial Dist. Court*, 114 Nev. 1224, 1227-28, 968 P.2d 1165, 1167 (1998) (finding that a petition for a writ of mandamus was not barred by the doctrine of laches due to a seven-month delay in filing); *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 148, 42 P.3d 233, 238 (2002) (finding that a writ petition filed less than four months after district court denied the underlying motion did not present inexcusable delay and therefore was not subject to the doctrine of laches).

Guadagna argues the district court improperly sanctioned him by awarding more attorney fees than are allowed under NRS 22.100.[2] NCA argues its attorney fees and costs stem from Guadagna's contemptuous behavior, and thus were properly awarded under NRS 22.100 and NRS 22.010.

Under NRS 22.010(3), contempt includes the disobedience of any lawful order issued by the court and disobedience of a subpoena fully served. As established in NRS 22.100(3), courts can require the person guilty of contempt to pay attorney fees incurred as a result of the contempt to the party seeking to enforce the order. But we previously expressed that such an award must be limited to that party's actual loss. *See Dep't of Indus. Relations, Div. of Indus. Ins. Regulation v. Albanese*, 112 Nev. 851, 856, 919 P.2d 1067, 1071 (1996).

Here, the record shows Guadagna failed to appear for his deposition and order to show cause hearing,[3] and this supports the district court's finding of contempt and its decision to order sanctions for that

---

[2]Guadagna also argues that the district court erred in applying NRCP 37 in addition to NRS 22.010 to impose sanctions against him because NRCP 37 does not apply to nonparties. Guadagna contends the district court should have applied NRCP 45(e) instead, which allows for the sanctioning of a nonparty for failure to comply with a subpoena. We need not reach this argument as any error is harmless under NRCP 61 because under NRS 22.100 and 22.010 the district court had the inherent power to issue sanctions for litigation abuses.

[3]Additionally, Guadagna's counsel conceded at oral argument that the district court did not abuse its discretion in holding Guadagna in contempt for failing to appear at a show cause hearing.

contempt.[4] Accordingly, the district court did not abuse its discretion by requiring Guadagna to pay attorney fees incurred as a result of these acts of contempt. However, we conclude the district court abused its discretion by sanctioning Guadagna for fees that did not stem from the actions constituting contempt, such as those predating the lawsuit.[5]

Accordingly, we order the district court to limit Guadagna's sanctions to NCA's actual loss caused by Guadagna's failure to appear at his deposition and order to show cause hearing,[6] and we therefore

ORDER the petition GRANTED in part and DENIED in part AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF

---

[4]Guadagna argues the district court should have allowed him to purge his contempt. Because the purpose of a civil contempt sanction is to compel the contemnor to comply with a court order, the sanction must end if the contemnor complies. *Warner v. Second Judicial Dist. Court*, 111 Nev. 1379, 1382-83, 906 P.2d 707, 709 (1995). While we agree the district court therefore erred by failing to make the order conditional, that error is harmless where Guadagna never attempted to cure the contempt. *See* NRCP 61.

[5]Guadagna also argues the district court violated his due process rights by imposing liability against him personally because he did not have proper notice. This argument is meritless because Guadagna failed to oppose the relevant motions. *See* EDCR 2.20(e) (explaining that a party's failure to file a written opposition to a motion may be construed as an admission that the motion is meritorious and a consent to granting the relief requested therein). Moreover, under the facts present here, we conclude NCA's failure to raise the alter ego doctrine does not preclude sanctions against Guadagna.

[6]But we disagree that additional relief is required under the facts of this case.

MANDAMUS instructing the district court to calculate Guadagna's sanctions in accordance with the law set forth in this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:  Chief Judge, Eighth Judicial District Court
     Eighth Judicial District Court, Department 24
     Howard & Howard Attorneys PLLC
     Duane Morris LLP/Las Vegas
     Eighth District Court Clerk