# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLEMENT MUNEY; AND CHEF EXEC SUPPLIERS, LLC, <br> Appellants, <br> vs. <br> DOMINIQUE ARNOULD, <br> Respondent. | No. 81354 ~~**FILED**~~ |
| CLEMENT MUNEY; AND CHEF EXEC SUPPLIERS, LLC, <br> Appellants, <br> vs. <br> DOMINIQUE ARNOULD, <br> Respondent. | No. 81355 |
| CLEMENT MUNEY; AND CHEF EXEC SUPPLIERS, LLC, <br> Appellants, <br> vs. <br> DOMINIQUE ARNOULD, <br> Respondent. | No. 81356 |

**FILED**

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEALS

These consolidated appeals challenge several district court orders arising from the dissolution proceedings of Chef Exec Supplies (CES). Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.[1]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

*Docket Nos. 81354 and 81355*

In Docket No. 81354, appellants challenge orders denying their motion to enforce a settlement agreement between the parties and granting respondent's motion to appoint a receiver.[2] The appeal in Docket No. 81355 challenges a later order granting respondent's motion to select a receiver. As a threshold issue, respondent argues that these appeals are moot. We review de novo, *Martinez-Hernandez v. State*, 132 Nev. 623, 625, 380 P.3d 861, 863 (2016), and agree.

Appellants did not immediately seek a stay of the district court's orders. Thus, while these appeals were pending, the district court discharged the receiver, judicially dissolved CES, and distributed all of CES's assets.[3] Because the receiver has been discharged, we cannot grant any relief regarding the receiver's appointment. We also cannot grant relief regarding the settlement agreement because there are no CES shares left for respondent to purchase due to CES's dissolution. Because we cannot grant effective relief with respect to appellants' challenges to the appealed orders, the appeals are moot. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 600-01, 245 P.3d 572, 573 (2010). And appellants fail to demonstrate that an exception to the mootness doctrine applies. *See Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 158, 460 P.3d 976, 982 (2020) (holding that even where moot, we may consider cases where a party proves

---

[2]The settlement agreement generally provided that respondent would purchase all of CES's shares if he could find adequate financing to do so.

[3]Appellants eventually sought a stay from the district court and this court nearly five months after the district court discharged the receiver, both of which were denied.

"that (1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." (quoting *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334-35, 302 P.3d 1108, 1113 (2013))). Thus, we dismiss the appeals in Docket Nos. 81354 and 81355. *See Personhood Nev.*, 126 Nev. at 605, 245 P.3d at 576 (dismissing an appeal where the issue was moot because this court could not grant effective relief).

*Docket No. 81356*

Docket No. 81356 is an appeal from an order imposing sanctions for appellants' counsel's purported misconduct. Because it appeared that no statute or court rule provides for an appeal from an order solely imposing sanctions, *cf. Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (recognizing that a contempt order entered in an ancillary proceeding is not appealable), this court directed appellants to show cause why the appeal should not be dismissed for lack of jurisdiction. *Muney v. Arnould*, Docket No. 81536 (Order to Show Cause, Oct. 19, 2020). Based on appellants' assertions, we concluded that we had jurisdiction to entertain this appeal and reinstated briefing. *Id.* (Order Reinstating Briefing, Dec. 1, 2020). After further review, however, we conclude that we lack jurisdiction because the underlying order sanctioning appellants' counsel is not appealable and is not part of another, independently appealable order. *See* NRAP 3A(b) (listing appealable determinations which does not include contempt or sanctioning orders); *cf. Vaile v. Vaile*, 133 Nev. 213, 217, 396 P.3d 791, 794-95 (2017) (holding that this court lacked jurisdiction to consider an appeal challenging an order solely addressing contempt, but concluding that this court had jurisdiction over



appellate challenges to contempt findings that were part of an otherwise appealable order regarding child support). Based on the foregoing, we ORDER these appeals DISMISSED.[4]

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:  Hon. Nancy L. Allf, District Judge
     Persi J. Mishel, Settlement Judge
     Kern Law, Ltd.
     Marquis Aurbach Coffing
     Eighth District Court Clerk

_____

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.