WILLIAM A. BROWN, Appellant, *v.* MARY SHIRLEY BROWN, Respondent.

No. 12716

March 19, 1985                                               696 P.2d 999

[Rehearing denied August 8, 1985]

*Colucci, Minagil & Aurbach,* Las Vegas, for Appellant.

*Keefer, O'Reilly & Haight,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The parties to this appeal were married in 1954. On April 23, 1980, the marriage was dissolved by entry of a decree of divorce. Relevant to the issues discussed herein, the district court awarded each party an equal interest in the insurance policies owned by the parties, including an equal interest in the cash value of said policies, if any. The marital residence was awarded to respondent subject to appellant's equity interest of $15,000 due and payable by respondent five years from the date of divorce. Respondent was also awarded a percentage of appellant's military retirement benefits which were determined to be community property. Thereafter appellant appealed to this Court. We remanded the matter to the district court to allow it to reconsider its decree in view of McCarty v. McCarty, 453 U.S. 210 (1981). The district court subsequently held, in light of *McCarty,* that the military benefits were appellant's sole and separate property. The spousal support award was also modified due to respondent's changed circumstances. Appellant appealed this decision and refused to comply with the district court's orders.

After the decree was filed and prior to this appeal, appellant canceled his life insurance policies. Additionally, appellant refused to comply with the terms of the decree and was found to be in contempt of court and placed in custody. Thereafter appellant was again brought before the court whereupon the canceled insurance policies were addressed. The lower court perceived the cancellation of insurance policies to be a violation of the decree and ordered that appellant be divested of his interest in the marital residence. This divestiture was based upon appellant's equity in the residence equaling approximately one-half the face value of the policies. The district court thus sought to compensate respondent for her half interest in the policies. We are persuaded that such action was improper.

There is no mention in the decree that appellant must maintain

his life insurance policies. Therefore, appellant was entitled to cancel the life insurance policies in question and such a decision should have been without consequence.

As previously mentioned, appellant was extremely recalcitrant since the granting of the divorce, as evidenced by his refusal to obey subsequent orders of the court. As a result, in addition to fining and incarcerating appellant, the district court imposed a per diem charge of $70 to cover the costs of confinement.

While the courts have inherent power "to protect and defend their decrees by contempt proceedings," Noble v. Noble, 86 Nev. 459, 463, 470 P.2d 430, 432 (1970), courts are, nevertheless, bound by statute. Nevada's statutes provide for imposition of fines or confinement, or both, but do not provide for a per diem award to cover the costs of confinement. See NRS 22.010; 22.100; 22.110. Moreover, the per diem award was in favor of Clark County, despite the fact that the County was not a party to this civil action. This was error. See 46 Am.Jur.2d *Judgments* § 86.

We have considered appellant's remaining assignments of error and have concluded they are either without merit or do not warrant reversal. Accordingly, with the exception of those issues disposed of by this decision, the remainder of the district court's judgment is affirmed.