JASON A. AWAD, ESQ., Appellant, *v.* TERRENCE LEE WRIGHT, and THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE MIRIAM SHEARING, DISTRICT JUDGE, Respondents.

No. 20039

June 28, 1990 794 P.2d 713

*Jason A. Awad* and *Michael V. Dentico,* Las Vegas, for Appellant.

*Jimmerson & Davis* and *Lynn M. Hansen,* Las Vegas; *Rex Bell,* District Attorney, Clark County, for Respondents.

---

## OPINION

*Per Curiam:*

Frances Wright and respondent Terrence Lee Wright were granted a divorce by the district court on July 28, 1988. Appellant Jason Awad was Frances Wright's attorney in the divorce proceeding. As part of the divorce decree, the district court adopted and ratified a property settlement agreement between the parties. The district court had earlier ordered all records in this matter to be sealed. On February 13, 1989, Terrence Wright moved the district court to hold Awad and his client Frances Wright in contempt of court, because they had recorded the property settlement agreement with the county recorder's office on January 31, 1989. Wright alleges that Awad's conduct was in violation of the court order. Awad filed a peremptory challenge to District Court Judge Miriam Shearing with respect to the hearing on the contempt citation. Wright moved to strike the peremptory challenge. On March 13, 1989, following a hearing, Judge Shearing ordered the property settlement agreement expunged from the recorder's office and entered an order holding Awad in contempt of court and sanctioning him a total of $2,000.00. Awad now appeals the district court's order.

Awad first contends that the trial court lacked jurisdiction to

hold him in contempt because there was no affidavit submitted to support the order to show cause.

The law is clear in Nevada that before a court can assume jurisdiction to hold a person in contempt, an affidavit must be filed. *See* Steeves v. District Court, 59 Nev. 405, 413, 94 P.2d 1093, 1095-96 (1939). Moreover, the court in Lutz v. District Court, 29 Nev. 152, 86 P. 445 (1906), stated that "the affidavit showed no more than did the finding, *and the affidavit itself is jurisdictional." Id.* at 153, 86 P. at 445 (emphasis added). In sum, because Wright did not file an affidavit with the order to show cause, the district court did not have jurisdiction to hold Awad in contempt of court.

Awad next contends that the order to show cause complaining of the alleged contemptuous conduct should have been accompanied by an affidavit pursuant to NRS 22.030(2), because the complained of conduct was not committed in the immediate view and presence of the court or judge in chambers. We agree.

NRS 22.030(2) provides in relevant part: "When the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the masters or arbitrators."

Awad recorded the property settlement agreement at the county recorder's office. Therefore, Awad did not act in the "immediate view and presence of the court or judge at chambers." Even if we were to believe that the act of recording the property settlement agreement was in violation of the court's order, NRS 22.030(2) specifically requires that an "affidavit be presented to the court or judge of the facts constituting the contempt." While courts have inherent power "to protect and defend their decrees by contempt proceedings," Noble v. Noble, 86 Nev. 459, 463, 470 P.2d 430, 432 (1970), they are nevertheless bound by statute. Brown v. Brown, 101 Nev. 144, 146, 696 P.2d 999, 1000 (1985). Here, NRS 22.030(2) specifically requires an affidavit to be submitted at the contempt proceeding. Upon review of the record, it appears that Terrence Wright did not submit the required affidavit.

Courts have held that affidavits are critical in contempt proceedings. In Whitle v. Seehusen, 748 P.2d 1382, 1387 (Idaho App. 1987), the court stated that the "court presiding over indirect contempt proceedings acquires no jurisdiction to proceed until a sufficient affidavit is presented." *Id.* at 1387.

Additionally, in Jones v. Jones, 428 P.2d 497 (Idaho 1967), the

court held that where the affidavit fails to allege all essential material facts, the deficiency cannot be cured by proof at a hearing. *Id.* at 500. Here, an affidavit would be crucial because Awad contends that he was not aware of the court order to seal the records. Because no affidavit was submitted by Terrence Wright as required by NRS 22.030(2), the order of contempt was in violation of NRS 22.030(2).

Awad argues that Judge Shearing committed reversible error when she did not recuse herself under Awad's NRS 22.030(3) peremptory challenge. We agree.

NRS 22.030(3) provides in pertinent part: "In all cases of contempt arising without the immediate view of the court, the judge of such court in whose contempt the defendant is alleged to be shall not preside at such trial over the objection of the defendant."

In the present case, the order alleged to have been violated was entered by Judge Shearing. On February 22, 1989, Awad filed a peremptory challenge objecting to Judge Shearing's presiding over the contempt proceedings. NRS 22.030(3) clearly applies to the facts of this case, and the proper objection was timely and properly made. Accordingly, the contempt proceedings should have been heard by a different judge. Because Judge Shearing did not recuse herself, she violated NRS 22.030.

In McCormick v. The Sixth Judicial Court, 67 Nev. 318, 218 P.2d 939 (1950), the court stated that in cases of contempt arising outside the immediate view and presence of the court, the judge of such court in whose contempt the defendant is alleged to be shall not preside at trial over the objection of the defendant. The court in *McCormick* discussed section 8943 of Nevada Compiled Law 1929, the very law which gave birth to NRS 22.030. The *McCormick* court stated that:

> The legislature has thus declared the public policy of the state, not so much for the protection of an individual litigant, as for the preservation of the respect and high regard the public has always maintained for the courts . . . . And so the legislature of this state felt *it important to eliminate the possibility of a reasonable apprehension that a judge might not be entirely free from bias in enforcing the orders and decrees of the court of which [she] he is the judge.*

*Id.* at 331-32, 218 P.2d at 945 (emphasis added).

Judge Shearing's refusal to recuse herself, coupled with her fining Awad $2,000.00 when the maximum fine provided by NRS

22.100[1] was only $500.00, are strong indications of a bias against Awad. The purpose of the legislature in passing an automatic recusal was precisely to avoid such situations. Based on NRS 22.030 and on the *McCormick* case, Judge Shearing committed reversible error when she did not recuse herself when Awad requested her to do so. We therefore reverse the order holding Awad in contempt because Judge Shearing presided over a hearing regarding charges which arose outside the immediate view and presence of her court, and Awad filed a timely and proper objection to her presiding.

Awad next contends that the district court committed reversible error in denying his request for an evidentiary hearing during the contempt proceedings. We agree.

Even if the trial court had acquired jurisdiction, the need for an evidentiary hearing is especially significant in this case where there is a dispute between the parties as to whether Awad actually was aware of the notice to seal records.

In Burgers v. Maiben, 652 P.2d 1320 (Utah 1982), the Utah Supreme Court enunciated the due process requirement in indirect contempt cases. The court stated that,

> in a prosecution for contempt, not committed in the presence of the court, due process requires that the person charged be advised of the nature of the action against him, have assistance of counsel, if requested, have the right to confront witnesses, and have the right to offer testimony on his behalf.

*Id.* at 1322.

In the instant case, Awad's conduct involved recording the property settlement agreement in the county recorder's office. Even if this conduct could be characterized as contemptuous, it could only be characterized as an indirect contempt because the conduct occurred outside the court's view. Awad requested an evidentiary hearing concerning this matter, but Judge Shearing denied his request. According to *Burgers,* for a contempt charge to stand, the *contemnor* should be afforded the opportunity to offer testimony on his behalf. When the court denied Awad an evidentiary hearing, it violated his due process rights. Therefore,

---

[1]NRS 22.100 reads in pertinent part as follows:

> Penalty for contempt. Upon the answer and evidence taken, the court or judge or jury, as the case may be, shall determine whether the person proceeded against is guilty of the contempt charged; and if it be found that he is guilty of the contempt, a fine may be imposed on him not exceeding $500 . . . .

the court committed reversible error in denying his request for an evidentiary hearing. *See also* State v. Halverson, 754 P.2d 1228, 1230 (Utah Ct.App. 1988).

Because of the multiple errors addressed above, we reverse the trial court's order holding Awad in contempt and sanctioning him a total of $2,000.00.