129 Nev., Advance Opinion 74

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HEATHER SHARMAYN PALEY, Petitioner, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE FRANCES DOHERTY, DISTRICT JUDGE, Respondents, and THE STATE OF NEVADA, Real Party in Interest. | No. 61029   OCT 03 2013 |

Petition for a writ of mandamus challenging a juvenile court order holding petitioner in direct contempt of court.

*Petition denied.*

Jennifer Lunt, Alternate Public Defender, Washoe County,
for Petitioner.

Catherine Cortez Masto, Attorney General, and Daniel M. Roche, Deputy Attorney General, Carson City,
for Respondents.

Catherine Cortez Masto, Attorney General, Carson City; Richard A. Gammick, District Attorney, and Lori L. Plater, Deputy District Attorney, Washoe County,
for Real Party in Interest.

13-29475

BEFORE PICKERING, C.J., HARDESTY and SAITTA, JJ.

*OPINION*

By the Court, HARDESTY, J.:

This is a petition for a writ of mandamus. Petitioner Heather Sharmayn Paley seeks an order directing the juvenile court to vacate its order holding her in direct contempt of court based on a positive drug test that was taken outside of court, immediately before her court appearance. The respondent district court judge vacated the contempt order while this original proceeding was pending, acknowledging that Paley's actions did not constitute direct contempt.[1] Respondents argue that this renders the petition moot. An exception to the mootness doctrine allows judicial review when the contested issue is likely to arise again but will evade review. We conclude that this exception to the mootness doctrine does not apply because it is clear that a positive drug test alone will not support a finding of direct contempt under NRS 22.010. Thus, the issue presented is not likely to recur.

*FACTS*

Paley tested positive for methamphetamines immediately prior to a hearing before the juvenile drug court.[2] The test was

---

[1]We originally denied this petition in an unpublished order filed on September 27, 2012. Paley subsequently moved for publication of our disposition as an opinion, and real party in interest the State of Nevada joined in the motion. *See* NRAP 36(f). Cause appearing, we grant the motion and publish this opinion in place of our prior unpublished order.

[2]The juvenile court obtained jurisdiction over Paley, who is not a minor, pursuant to NRS 62B.350 because Paley's daughter agreed to participate in juvenile drug court. NRS 62B.350 extends the juvenile
*continued on next page...*

administered outside of the court and outside of the presence of the judge. Based on the positive drug test, the judge held Paley in direct contempt of court for being under the influence of methamphetamines and ordered her to be immediately remanded to the Washoe County Detention Facility for a period of 25 days. A video of the hearing reveals that Paley was polite, coherent, and respectful, and that she did not cause any disturbance in the presence of the court.

Paley moved to stay the contempt order and requested an order-to-show-cause hearing. At the hearing, Paley argued that she could not be held in direct contempt because she did not cause any disturbance in the immediate view and presence of the court or violate any court order. The juvenile court concluded that it would not change its ruling that Paley's positive drug test was a direct contempt of court. However, it did suspend the remainder of Paley's sentence after she had already served seven days. Paley then filed a writ petition with this court. Approximately one month after Paley filed the petition, the juvenile court vacated its order finding her in direct contempt.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted); *see also* NRS 34.160. But the writ generally will not issue if the petitioner has a plain, speedy, and adequate

---

...*continued*
court's jurisdiction to "adults to the extent that such jurisdiction is incidental and necessary to its jurisdiction over children."

remedy in the ordinary course of law. NRS 34.170. Because "[n]o rule or statute authorizes an appeal from an order of contempt," we have held that "contempt orders must be challenged by an original petition pursuant to NRS Chapter 34." *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000). Mandamus, however, is an extraordinary remedy, and it therefore is in this court's discretion to determine whether a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). This court may exercise that discretion where "'an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction.'" *Mineral Cnty. v. State, Dep't of Conservation and Natural Res.*, 117 Nev. 235, 243, 20 P.3d 800, 805 (2001) (quoting *Bus. Computer Rentals v. State Treasurer*, 114 Nev. 63, 67, 953 P.2d 13, 15 (1998)).

Because the juvenile court vacated the order of contempt, there is no longer an actual controversy for this court to adjudicate. As the parties acknowledge, this renders the petition moot. We generally will not exercise our discretion to consider a moot case because our duty is "to resolve actual controversies by an enforceable judgment." *Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010). However, "we will exercise our discretion to adjudicate a moot case when (1) the contested issue is likely to arise again, and (2) the challenged action is 'too short in its duration to be fully litigated prior to its natural expiration.'" *Stephens Media, L.L.C. v. Eighth Judicial Dist. Court*, 125 Nev. 849, 858, 221 P.3d 1240, 1247 (2009) (quoting *Jason S. v. Valley Hosp. Med. Ctr. (In*

*re Guardianship of L.S. & H.S.),* 120 Nev. 157, 161, 87 P.3d 521, 524 (2004)).

We conclude that Paley's petition does not fall under an exception to the mootness doctrine. This issue is not likely to arise again because it is abundantly clear that "a positive drug test result alone is not a sufficient basis to sustain a finding of direct contempt." *In re J.H.,* 213 P.3d 545, 549 (Okla. 2008). While being under the influence may sometimes result in behavior that disrupts court proceedings, direct contempt requires that the contemptuous conduct actually occur in the "immediate view and presence" of the judge. NRS 22.030(1).[3] And "when

---

[3]Pursuant to NRS 22.010 the following conduct constitutes contempt:

> 1. Disorderly, contemptuous or insolent behavior toward the judge while the judge is holding court, or engaged in judicial duties at chambers, or toward masters or arbitrators while sitting on a reference or arbitration, or other judicial proceeding.

> 2. A breach of the peace, boisterous conduct or violent disturbance in the presence of the court, or in its immediate vicinity, tending to interrupt the due course of the trial or other judicial proceeding.

> 3. Disobedience or resistance to any lawful writ, order, rule or process issued by the court or judge at chambers.

> 4. Disobedience of a subpoena duly served, or refusing to be sworn or answer as a witness.

> 5. Rescuing any person or property in the custody of an officer by virtue of an order or process of such court or judge at chambers.

*continued on next page...*

 

we say immediate view and presence of the court we mean in the *ocular* view of the court." *Ex parte Hedden*, 29 Nev. 352, 374, 90 P. 737, 744 (1907) (emphasis added).

Absent evidence of conduct that actually disrupts the court proceeding, a positive out-of-court drug test is not a sufficient basis for holding a party in contempt of court because no contemptuous conduct occurs in the "immediate view and presence" of the judge. *See* NRS 22.030(1); *see also Cameron v. State*, 650 A.2d 1376, 1381-82 (Md. Ct. Spec. App. 1994) (reversing a finding of direct contempt against a party who appeared drunk in court because "[h]e was in no way disruptive of the proceedings" and "was not rebellious or insubordinate" or "willfully disobedient or openly disrespectful"); *In re J.H.*, 213 P.3d at 548-49 (reversing a finding of direct contempt against parties who tested positive for cocaine prior to appearing in court because the parties were not "disorderly or insolent" and did not "disturb[ ] or willfully obstruct[ ] the judicial proceedings").

Here, the juvenile court held Paley in direct contempt because she tested positive for methamphetamines prior to the hearing. However,

---

*...continued*

> 6. Disobedience of the order or direction of the court made pending the trial of an action, in speaking to or in the presence of a juror concerning an action in which the juror has been impaneled to determine, or in any manner approaching or interfering with such juror with the intent to influence the verdict.

> 7. Abusing the process or proceedings of the court or falsely pretending to act under the authority of an order or process of the court.

a positive drug test for methamphetamines prior to a court proceeding is not an act or omission that constitutes contempt under NRS 22.010. And the record reveals that Paley was polite, coherent, and respectful at the hearing and did not engage in any disorderly, insolent, boisterous, or violent conduct, nor did she commit a breach of peace. NRS 22.010(1)-(2).

The district court rectified its error when it vacated its contempt order. This rendered the proceeding moot, and no applicable exception to the mootness doctrine applies. Accordingly, we deny the petition as moot.[4]

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Saitta

---

[4]Paley further argues that she was unconstitutionally deprived of counsel and a due process hearing because the juvenile court's direct contempt order was criminal in nature. However, we do not address constitutional questions unless it is necessary to do so, *Cortes v. State*, 127 Nev. ___, ___, 260 P.3d 184, 192 (2011), and it is not necessary to reach this issue because we deny the petition as moot.