137 Nev., Advance Opinion 54

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NUVEDA, LLC,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GONZALEZ, DISTRICT JUDGE,<br>Respondents,<br>  and<br>SHANE TERRY; PHIL IVEY; AND DOTAN Y. MELECH, RECEIVER FOR CWNEVADA, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Real Parties in Interest. | No. 82649<br><br>FILED<br><br>SEP 23 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |

Original petition for a writ of prohibition or, in the alternative, mandamus challenging a district court order denying a motion to transfer indirect contempt proceedings to another judge under NRS 22.030(3).

*Petition denied.*

Law Office of Mitchell Stipp and Mitchell Stipp, Las Vegas, for Petitioner.

Mushkin & Coppedge and Michael R. Mushkin and L. Joe Coppedge, Las Vegas,
for Real Parties in Interest.

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

## OPINION

By the Court, STIGLICH, J.:

NRS 22.030(3) provides that in cases of indirect contempt, "the judge of the court in whose contempt the person is alleged to be shall not preside at the trial of the contempt over the objection of the person." This statute gives accused contemnors a peremptory challenge, which must be granted if the objection is timely and properly made. Here, petitioner NuVeda, LLC, moved for a change of judge under NRS 22.020(3) 37 days after the court set a date for the contempt trial. The district court denied this motion as untimely, and NuVeda petitioned this court for extraordinary writ relief. We hold that motions for a change of judge under NRS 22.030(3) must be made with reasonable promptness under the circumstances, and here, the district court did not err by determining the motion was untimely. Accordingly, we deny the petition.

## FACTS AND PROCEDURAL HISTORY

This contempt case arises out of a relatively complex business dispute. Petitioner NuVeda, in conjunction with CWNevada, LLC, formed CWNV as a joint venture in 2017 for the purpose of building and operating cannabis establishments. CWNevada was later placed under receivership. NuVeda and its managing member, Dr. Pejman Bady, allegedly dissolved CWNV and later created a new entity with the same name. This act not only created difficulties for the receiver, but it also is alleged to violate a court order, constituting contempt. NuVeda denies that it committed contempt, and many of the facts remain disputed. Most of the details of the supposed contempt and the situation underlying it are immaterial to this writ petition.

 

For our purposes, the critical facts are these. On February 1, 2021, during a hearing on a motion for an order to show cause concerning the alleged contempt, the district court (Judge Elizabeth Gonzalez) found that a show cause order was warranted and scheduled a contempt hearing for March 1. But Dr. Bady had a previously scheduled medical appointment and could not attend on that date. On or around February 22, the district court rescheduled the hearing to April 5. On March 10, NuVeda for the first time invoked NRS 22.030(3) and objected to Judge Gonzalez presiding over the contempt hearing. At a hearing on March 17, the district court stated that while it might have granted the request for a new judge if NuVeda had made such a request sooner, NuVeda had waived any objection when it failed to include one in its prior motion for a continuance. NuVeda denied that it had ever moved for a continuance, pointing out that it had previously stated it was willing to go forward without Dr. Bady. NuVeda renewed its objection under NRS 22.030(3), but the district court overruled the objection.

NuVeda now petitions this court for a writ of prohibition and/or mandamus. It asks us to disqualify Judge Gonzalez from presiding over the contempt hearing and to order the Chief Judge of the Eighth Judicial District Court to randomly reassign that hearing to another judge. We stayed the contempt hearing pending resolution of this writ petition.

## DISCUSSION

### We will entertain this writ petition

"Because both writs of prohibition and writs of mandamus are extraordinary remedies, we have complete discretion to determine whether to consider them." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008); *see Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). This court may exercise its discretion

to entertain a petition for extraordinary writ relief when "an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of [considering] the petition." *Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 820, 407 P.3d 702, 706 (2017) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 559 (2008)). We conclude that our consideration of this writ petition is warranted. NRS 22.030(3) is a procedural rule that is potentially implicated in every indirect contempt hearing, no matter the underlying substantive issues. Just this year, we addressed the timeliness of a motion under NRS 22.030(3), yet that case left open the precise issue presented by this case. *See Detwiler v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 18, 486 P.3d 710, 717 & n.4 (2021). "[B]ecause this petition involves a question of first impression that arises with some frequency, the interests of sound judicial economy and administration favor consideration of the petition." *See Cote H.*, 124 Nev. at 39-40, 175 P.3d at 908.

*Standard of review*

Here, NuVeda seeks both mandamus and prohibition. It seeks mandamus to the extent it asks us to direct the district court to grant its motion to transfer the contempt proceedings to a new judge, and it seeks prohibition to the extent it asks us to direct Judge Gonzalez *not* to preside at the contempt hearing. NuVeda appears to argue that Judge Gonzalez was automatically recused, by operation of law, when it filed its objection and therefore she would exceed her legal authority if she were to preside over the hearing.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse of discretion." *Agwara v. State Bar*

*of Nev.*, 133 Nev. 783, 785, 406 P.3d 488, 491 (2017) (internal quotation marks omitted). "A writ of prohibition is the counterpart to a writ of mandamus and may be issued to compel a person or body exercising judicial functions to cease performing beyond its legal authority." *Id.* (internal quotation marks omitted). Specifically, "[w]hen the district court acts without or in excess of its jurisdiction, a writ of prohibition may issue to curb the extrajurisdictional act." *Canarelli v. Eighth Judicial Dist. Court*, 136 Nev. 247, 250, 464 P.3d 114, 119 (2020) (internal quotation marks omitted).

"When considering a writ of mandamus, we generally apply a manifest abuse of discretion standard . . . ." *Stephens Media, LLC v. Eighth Judicial Dist. Court*, 125 Nev. 849, 860, 221 P.3d 1240, 1248 (2009). In contrast, where a party contends in a petition for a writ of prohibition that the district court has exceeded or is about to exceed its jurisdiction, we review that issue de novo. *See Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015). Because NuVeda seeks both types of relief arising out of the same alleged procedural error, we will review the jurisdictional facts de novo, making separate review for manifest abuse of discretion unnecessary. Still, even when challenging the district court's jurisdiction, "[p]etitioners bear the burden of showing that this court's extraordinary intervention is warranted." *Nev. State Bd. of Architecture, Interior Design & Residential Design v. Eighth Judicial Dist. Court*, 135 Nev. 375, 377, 449 P.3d 1262, 1264 (2019).

*A motion for a new judge under NRS 22.030(3) must be made reasonably promptly*

NuVeda argues that the district court was required to grant its request for a new judge because—in its view—a party can object under NRS 22.030(3) at *any time* before commencement of the trial on contempt.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

NuVeda contends that disqualification is automatic upon lodging the objection and that objections cannot be waived. Reviewing this matter of statutory interpretation de novo, *see Fulbright*, 131 Nev. at 35, 342 P.3d at 1001, we hold that objections can be waived if not asserted reasonably promptly.

NRS 22.030(3) provides accused contemnors with a peremptory challenge that serves to "eliminate the possibility of a reasonable apprehension that a judge might not be entirely free from bias in enforcing the orders and decrees of the court of which [s]he is the judge." *McCormick v. Sixth Judicial Dist. Court*, 67 Nev. 318, 331-32, 218 P.2d 939, 945 (1950). We have described NRS 22.030(3) as "an automatic recusal." *Awad v. Wright*, 106 Nev. 407, 411, 794 P.2d 713, 715 (1990), *abrogated on other grounds by Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000). At the same time, we emphasized that the objection in that case was "timely and properly made." *Id.* at 410, 794 P.2d at 715. Thus, recusal is not truly "automatic." Rather, the accused contemnor must request recusal, and must do so in a timely fashion.[1]

We have recently reaffirmed in *Detwiler v. Eighth Judicial District Court* that "timeliness is essential, as '[g]rounds for disqualifying a judge can be waived by failure to timely assert such grounds.'" 137 Nev., Adv. Op. 18, 486 P.3d at 717 (alteration in original) (quoting *City of Las Vegas Downtown Redev. Agency v. Hecht*, 113 Nev. 644, 651, 940 P.2d 134, 139 (1997)). The petitioner in *Detwiler* did not invoke his rights under NRS

---

[1]In many cases, the accused contemnor might prefer *not* to change judges. Especially in a complex case with disputed facts, a party may well prefer to explain itself to the judge who is most familiar with the factual background and with the context of the order allegedly violated.

22.030(3) until after the hearing had already taken place, which we explained was "untimely under any possible standard." *Id.* at 717 n.4. Accordingly, we had no reason to consider in detail what would make a motion for a change of judge "timely." We simply held that such a motion made after the contempt trial is untimely. Nevertheless, we "encourage[d] litigants to act without undue delay in exercising peremptory challenges to judges." *Id.* at 713.

We must now reach the issue we left open in *Detwiler*: Can a court deny a motion for a new judge under NRS 22.030(3) as untimely if the motion is made *before* the contempt trial, but nevertheless after a significant delay? We conclude the answer is yes. Although "NRS 22.030(3) contains no express deadline," *Detwiler*, 137 Nev., Adv. Op. 18, 486 P.3d at 717, that fact does not provide license for undue delay. Courts routinely imply timely filing requirements for recusal motions "despite the text's silence." *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 168-69 (4th Cir. 2014). "While there is no *per se* rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)). For example, when a party discovers new grounds for disqualifying a judge under Nevada Code of Judicial Conduct Canon 3E, the party must move for disqualification "as soon as possible after becoming aware of the new information." *Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 260, 112 P.3d 1063, 1069 (2005). We hold that disqualifications under NRS 22.030(3) are no different, and a party must move for such disqualification with reasonable promptness.

SUPREME COURT
OF
NEVADA

(O) 1947A

7

NuVeda's proposal that such objections may be made at any time before the commencement of the hearing, simply because the statute provides no express deadline, is both an incorrect and an unrealistic standard. Not requiring some reasonable measure of promptness "would result in increased instances of wasted judicial time and resources and a heightened risk that litigants would use recusal motions for strategic purposes." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991) (internal citations omitted). To be sure, if a party learns of *new* grounds for disqualification, those grounds may be raised reasonably promptly after learning the new information. *Towbin Dodge*, 121 Nev. at 260, 112 P.3d at 1069; *see Preston*, 923 F.2d at 733 (finding motion to disqualify judge was timely when filed 18 months after case was transferred, but 10 days after learning of grounds for disqualification). But as this court has noted, a party accused of contempt should be aware that a peremptory challenge is available under NRS 22.030(3) "as soon as he or she receives the order to show cause." *Detwiler*, 137 Nev., Adv. Op. 18, 486 P.3d at 717. When the party raises a peremptory challenge after substantial delay, that is evidence of inattention at best and of intent to delay the proceedings at worst. *See Mikhel*, 889 F.3d at 1026 (noting that "unexplained delay in filing a recusal motion suggests that the recusal statute is being misused" (internal quotation marks omitted)).

Accordingly, we hold that litigants are not only "encourage[d] . . . to act without undue delay in exercising peremptory challenges to judges," *see Detwiler*, 137 Nev., Adv. Op. 18, 486 P.3d at 713, but are in fact required to do so. A motion under NRS 22.030(3) must be made with "reasonable promptness after the ground for [the] motion is ascertained," *see Mikhel*, 889 F.3d at 1026, and these grounds are typically

ascertained when the party receives notice that it is facing a contempt hearing, *Detwiler*, 137 Nev., Adv. Op. 18, 486 P.3d at 717. Undue delay may result in the motion being denied.

*The district court did not err by finding this motion was untimely*

Having rejected NuVeda's argument that a motion for recusal is necessarily timely at *any* time before the hearing, we must decide whether the district court erred by concluding *this* motion was untimely. NuVeda argues that the district court found NuVeda waived its rights under NRS 22.030(3) *solely* because it moved for a continuance on February 22 and that this was error because NuVeda did *not* in fact move for a continuance. NuVeda reads the district court's reasoning too narrowly. The district court properly found that NuVeda's motion was untimely when it was filed on March 10—37 days after NuVeda was notified of the contempt hearing on February 1—whether or not NuVeda moved for a continuance on February 22.

It is true that a party does not necessarily waive its right to request a new judge simply because it moves for a continuance first. Certain objections, like objections to personal jurisdiction or service of process, "must be raised at the first available opportunity" or be waived. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000); *see also* NRCP 12(g)(2), (h)(1). Nothing indicates that objections under NRS 22.030(3) are of this type. A court determining whether an NRS 22.030(3) motion is timely should not look mechanically at whether the objection was raised at the first opportunity; rather, it should consider whether the party objected reasonably promptly under the circumstances.

But our agreement with NuVeda ends there. While the record is unfortunately unclear as to whether NuVeda in fact moved for a

continuance on February 22, the record does show that NuVeda had ample opportunity after February 1 to move for a change of judge, yet did not do so for 37 days. When the district court asked NuVeda's counsel why he did not invoke the statute before February 22—the date the court first continued the hearing—counsel replied only that it was not clear to him whether he could make the objection at that time. Of course, that is not ordinarily good cause for a delay. Although the district court did refer to NuVeda's purported motion for a continuance, it is ultimately immaterial whether NuVeda in fact moved for a continuance or whether the district court continued the hearing sua sponte. Had the district court simply asked why NuVeda did not move for a new judge within three weeks after the hearing date was originally set, the result would have been the same.

Although we do not defer to the district court's reasonableness determinations when jurisdiction is at stake, *see Fulbright & Jaworski*, 131 Nev. at 35, 342 P.3d at 1001, petitioners must show why this court's extraordinary intervention is warranted, *Nev. State Bd. of Architecture*, 135 Nev. at 377, 449 P.3d at 1264. We conclude that the district court did not err, and thus NuVeda has failed to carry its burden. This court has held that an objection under NRS 22.030(3) was timely when it was made nine days after the party received an order to show cause. *See Awad*, 106 Nev. at 408, 410, 794 P.2d at 714, 715. NuVeda's 37-day delay was far longer, and NuVeda has offered no justification for that delay. Under these circumstances, we are concerned that the lateness of NuVeda's motion might have indicated a "misuse[ ]" of the recusal statute, *see Mikhel*, 889 F.3d at 1026, or would "waste[ ] judicial time and resources" by necessitating a second continuance, *see Preston*, 923 F.2d at 733. In the absence of any reasonable justification for the delay, we hold that 37 days

Supreme Court
OF
Nevada

(O) 1947A

is too long. The district court properly found that NuVeda's delay was unreasonable and properly denied the motion to change judges.

## *CONCLUSION*

While a district court has no discretion to deny a timely and proper motion for a new judge under NRS 22.030(3), a party may waive its right to request a new judge by failing to make that request in a reasonably prompt manner. Because NRS 22.030(3) provides a peremptory challenge that does not depend on the facts of a particular case, a party that wishes to exercise its rights under that statute has the ability to do so promptly. Here, the district court properly found NuVeda's request was not made reasonably promptly when that request was made 37 days after the district court set the hearing date. Accordingly, we deny NuVeda's petition for writ relief. The stay this court granted on April 2, 2021, is lifted, and the district court may proceed with the contempt hearing.

_____, J.
Stiglich

We concur:

_____, J.
Parraguirre

_____, J.
Silver