139 Nev., Advance Opinion 28

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, DIVISION OF
PUBLIC AND BEHAVIORAL HEALTH,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CHRISTY L. CRAIG, DISTRICT JUDGE,
Respondents,
   and
ANDREW ALIANO; DESHAWN
BENJAMIN; DANE GEE; CARLOS
GUZMAN; ANTHONY JOHNSON;
CHAVELE JOHNSON; YASIEL OJEDA;
ROBERTO OTERO; DOUGLAS
TALLEY; YOLANNE TOH; AND
TIMOTHY WALLACE,
Real Parties in Interest.

No. 85554



FILED

AUG 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for writ of certiorari or mandamus challenging eleven district court orders imposing contempt sanctions of $500 for each day Petitioner fails to accept real parties in interest for restorative treatment.

*Petition denied.*

23.28549

Aaron D. Ford, Attorney General, and Julie A. Slabaugh, Chief Deputy Attorney General, Susanne M. Sliwa, Deputy Attorney General, and Jeffrey M. Conner, Deputy Solicitor General, Carson City,
for Petitioner.

Darin F. Imlay, Public Defender, and Arlene Heshmati, Chief Deputy Public Defender, Clark County,
for Real Parties in Interest.

---

BEFORE THE SUPREME COURT, EN BANC.

## *OPINION*

By the Court, BELL, J.:

In this opinion, we clarify that a district court may properly hold a party in civil contempt for failure to fulfill a statutory and constitutional obligation to accept incompetent criminal defendants for restorative treatment.

This matter arises from district court orders holding Petitioner Nevada Division of Public and Behavioral Health (DPBH) in contempt for violating competency court orders. The competency orders were issued in relation to real parties in interest, who are eleven criminal defendants in Nevada (defendants). Defendants were all deemed incompetent to assist in their own defense and ordered to psychiatric treatment under NRS 178.425. After significant delays in accepting defendants for treatment, defendants filed motions to dismiss their cases or, alternatively, for DPBH to show cause as to why it should not be held in contempt.

The district court denied the motions to dismiss but found DPBH in contempt for failing to comply with the court orders and issued sanctions. DPBH filed a petition for certiorari or mandamus in this court, arguing that the district court lacked jurisdiction to find DPBH in contempt and that the district court manifestly abused its discretion because DPBH could not comply with the orders.

## DISCUSSION

*We elect to hear the petition for writ of certiorari or mandamus*

A writ of certiorari is available when an inferior tribunal exceeds its jurisdiction and there is no plain, speedy, or adequate remedy at law. NRS 34.020(2); *Warren v. Eighth Judicial Dist. Court*, 134 Nev. 649, 650, 427 P.3d 1033, 1035 (2018). "[T]he inquiry upon a petition for a writ of certiorari is limited to whether the inferior tribunal acted in excess of its jurisdiction." *Dangberg Holdings Nev., LLC v. Douglas County*, 115 Nev. 129, 138, 978 P.2d 311, 316 (1999) (internal quotation marks omitted).

A writ of mandamus is available "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." NRS 34.160; *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 679-80, 476 P.3d 1194, 1196 (2020). This court only issues writs of mandamus when (1) the petitioner establishes a legal right to have the act that their petition requests done; (2) the respondent has a duty to perform the requested action; and (3) the petitioner "has no other plain, speedy, and adequate remedy." *Walker*, 136 Nev. at 680, 476 P.3d at 1196 (internal quotation marks omitted). The standard of review is highly deferential:

> Where a district court is entrusted with discretion on an issue, the petitioner's burden to demonstrate a clear legal right to a particular course of action by that court is substantial; [this court] can issue traditional mandamus only where the lower court has manifestly abused that discretion or acted arbitrarily or capriciously.

*Id.* (emphases omitted). Under this standard, a lower court must go further than commit "a mere error in judgment." *Id.* at 680, 476 P.3d at 1197 (internal quotation marks omitted). Rather, the lower court must have overridden or misapplied the law, or acted out of prejudice, bias, or ill will. *Id.* at 680-81, 476 P.3d at 1197.

"[T]he decision to entertain a petition for a writ of certiorari" or a writ of mandamus is within this court's discretion. *Warren*, 134 Nev. at 650, 427 P.3d at 1035 (internal quotation marks omitted); *Walker*, 136 Nev. at 679, 476 P.3d at 1196. Because DPBH has no remedy at law to challenge a contempt order, we exercise discretion to entertain DPBH's petition. *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (explaining that compared to direct appeal, writ petitions are "more suitable vehicles for review of contempt orders").

*The district court had jurisdiction to hold DPBH in contempt*

The contempt process largely depends on whether the contempt is classified as civil or criminal and whether the contempt is direct or indirect. Here the contempt order is undisputedly civil in nature—the intent of the contempt was to compel DPBH to comply with the court's order, and the contempt order provided a purge clause. *Rodriguez v. Eighth Judicial Dist. Court*, 120 Nev. 798, 804, 102 P.3d 41, 45 (2004) ("Whether a contempt proceeding is classified as criminal or civil in nature depends on whether it is directed to punish the contemnor or, instead, coerce his compliance with a court directive.").

SUPREME COURT
OF
NEVADA

(O) 1947A

While the parties agree the contempt order is civil, they disagree on whether the contempt is direct or indirect. Direct contempt "may be punished summarily" and may take the form of a person disrupting a court proceeding. NRS 22.030(1). In direct contempt, the events occurred "in the immediate view and presence of the court," so the court requires no additional information in order to enter a sanction. *Id.*; *Paley v. Second Judicial Dist. Court*, 129 Nev. 701, 705, 310 P.3d 590, 593 (2013).

Indirect contempt, on the other hand, is contempt where the court must receive additional information to determine whether a sanction is appropriate and what that sanction should be. NRS 22.030(2) provides that "[i]f a contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit must be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the masters or arbitrators."

In this case, while certain aspects of the contempt were within the knowledge and presence of the judge, additional information was necessary to determine the reason DPBH was not following the court orders. Consequently, the contempt in question here—the failure of DPBH to timely accept inmates for restorative treatment—is a question of indirect contempt.

Given that the question is one of indirect contempt, DPBH argues the district court lacked jurisdiction to hold DPBH in contempt because defendants failed to provide the district court with affidavits identifying the material facts of the contempt. An affidavit is required for indirect contempt pursuant to NRS 22.030(2). "The law is clear in Nevada that before a court can assume jurisdiction to hold a person in contempt, an affidavit must be filed." *Awad v. Wright*, 106 Nev. 407, 409, 794 P.2d 713,



714 (1990), *abrogated on other grounds by Pengilly*, 116 Nev. at 649, 5 P.3d at 571.

Contrary to DPBH's assertions, defendants met the requirements of NRS 22.030(2). Each motion in the record included the same declaration from counsel under the penalty of perjury. The declaration states, "I am familiar with the procedural history of the case and the substantive allegations made by The State of Nevada. I also have personal knowledge of the facts stated herein or I have been informed of these facts and believe them to be true." The motions lay out in detail the history of the issues regarding DPBH failing to provide prompt restorative treatment to each of the defendants.

An unsworn declaration signed under penalty of perjury may be used in lieu of an affidavit. NRS 53.045. This court has previously found that a declaration can satisfy a statutory requirement for an affidavit. *Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 202, 234 P.3d 920, 921 (2010).

While certainly a preferred practice would be for counsel to set forth all factual matters within the declaration itself, the declaration here was included within and refers to the facts contained within the motion. Because the facts underlying the contempt were sworn to and presented to the district court, the district court had jurisdiction to find DPBH in contempt under NRS 22.030(2).

*The district court did not manifestly abuse its discretion by holding DPBH in contempt*

DPBH argues the district court manifestly abused its discretion by violating DPBH's due process right to an evidentiary hearing, basing its order on clear legal error and inconsistent findings, ignoring DPBH's defense of impossibility, and issuing counterproductive fines.

DPBH's arguments do not warrant extraordinary relief. When reviewing these arguments, "the standard of review in a writ petition is appropriate to the review of a contempt order." *Pengilly*, 116 Nev. at 650, 5 P.3d at 571. Further, "[w]hether a person is guilty of contempt is generally within the particular knowledge of the district court, and the district court's order should not lightly be overturned." *Id.*

DPBH failed to show how the court violated DPBH's due process rights to a hearing with proper notice. This court has held a party accused of indirect contempt has a due process right to confront witnesses and offer testimony on their behalf. *Awad*, 106 Nev. at 411, 794 P.2d at 716. While DPBH correctly asserts it had the right to present evidence on facts in dispute, it does not assert any disputed facts. DPBH asserts the same facts to this court regarding its failure to provide prompt treatment as DPBH provided to the district court. DPBH also did not ask for an evidentiary hearing. The district court based its order on undisputed facts, many of which were provided by DPBH itself through affidavits. This court therefore rejects DPBH's argument that it was deprived of an evidentiary hearing in violation of due process.

DPBH also argues it lacked notice because defendants' motion only asked for an order to show cause rather than a contempt order. While typically a court would issue an order to show cause and set a hearing, here, DPBH had clear advance notice that contempt was a possible outcome. DPBH had the opportunity to respond and did so. Further, DPBH does not provide any legal authority distinguishing a hearing on an order to show cause as to why a party should not be held in contempt, from a contempt hearing, for the purposes of proper notice. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (this

court need not consider an appellant's argument that is not cogently argued or lacks the support of relevant authority). Therefore, DPBH failed to show how the district court violated DPBH's due process rights due to lack of notice.

Additionally, DPBH argues the district court erred by imposing an arbitrary deadline for compliance. The district court did not impose an arbitrary rule when it gave DPBH seven days to comply with the competency orders. Rather, the district court interpreted NRS 178.425(1) and the competency orders' use of the term "forthwith" as requiring transport within seven days based on past consent decrees in effect for many years. DPBH's argument therefore lacks merit.

DPBH argues further that compliance was impossible because of bed and staffing shortages. The district court considered this argument at the hearing and properly rejected it, reasoning that based on its history with DPBH, prior contempt orders worked to ensure compliance. The record on review shows that DPBH struggles to honor its constitutional obligation to promptly treat incompetent inmates when the agency is not under the supervision of a court order or settlement agreement. *See Burnside v. Whitley*, Case No. 2:13-cv-01102-MMD-GWF (D. Nev., Modified Consent Decree, Order, and Judgment, Dec. 22, 2015); *Nev. Disability Advocacy & Law Ctr., Inc v. Brandenburg*, Case No. CV-S-05-0782-RCJ(RJJ) (D. Nev., Stipulated Order of Dismissal Without Prejudice, Apr. 18, 2008); *see also Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003) (explaining that restorative treatment is a due process requirement).

In fact, DPBH's inability to accept defendants for treatment has been the subject of two civil suits in federal court. *Burnside*, Case No. 2:13-

cv-01102-MMD-GWF; *Brandenburg*, Case No. CV-S-05-0782-RCJ(RJJ). DPBH's argument that compliance is impossible strains credulity after nearly 20 years of notice. And while DPBH argues it suffers from budget constraints, "[l]ack of funds, staff or facilities cannot justify the State's failure to provide [such persons] with [the] treatment necessary for rehabilitation." *Or. Advocacy Ctr.*, 322 F.3d at 1121 (alterations in original) (internal quotation marks omitted).

The district court found DPBH has a long history of allowing inmates to languish for long periods in jail, only to move them within days of contempt findings. Incapacitated criminal defendants suffer from various harms when they languish in facilities that are not equipped to treat them while awaiting transport. *Id.* at 1122. These harms include the worsening of their mental illness, bodily harm, and even death. *Id.* DPBH does not dispute this. The record shows that DPBH can and does comply with competency orders once a civil contempt order with sanctions is issued. Therefore, DPBH's arguments that compliance is impossible and that sanctions undermine its ability to comply with the competency orders lack merit.

### CONCLUSION

We conclude that DPBH failed to meet its burden of demonstrating the need for extraordinary relief. The district court had jurisdiction to hold DPBH in contempt and did not manifestly or capriciously abuse its discretion in doing so. We therefore deny DPBH's

petition for writ of certiorari or mandamus and the stay granted by this court on November 2, 2022, is lifted.

_____, J.
Bell

We concur:

_____, C.J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

_____, J.
Lee

_____, J.
Parraguirre